IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10910
Summary Calendar
_____


CARDELL RHETT, JR., also
known as Rhett Cardell, Jr.,

                                        Plaintiff-Appellant,

versus

WAYNE SCOTT ET AL.,

                                        Defendants,

WAYNE SCOTT; CHARLES ALEXANDER, Dr.;
MAXWELL GARDNER, Dr.; SWARTS, Dr.;
B. ALLEN; G. PIERSON; B. CASEL;
UTMB MANAGE CARE; SCHERRY MCKELVEY,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:96-CV-114
- - - - - - - - - -
May 21, 1998
Before WISDOM, WIENER and DENNIS, Circuit Judges

PER CURIAM:[*]

     Cardell Rhett, Jr., Texas prisoner # 672730, appeals the

district court's dismissal of his 42 U.S.C. § 1983 action as

frivolous under 28 U.S.C. § 1915(e)(2)(B)(I).  Rhett contends

---

     [*] Under 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the defendants delayed or failed to provide adequate treatment for his serious medical needs and forced him to perform duties which were inconsistent with his medical restrictions, resulting in serious damage to his knee. Rhett contends that the district court abused its discretion in dismissing his § 1983 action as frivolous under § 1915(e)(2)(B)(I).

Rhett did not raise any claims concerning Wayne Scott or Dr. Charles Alexander in his appellate brief; therefore, he has abandoned these claims on appeal. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Rhett argues that G. Pierson and B. Casel failed to assist him in obtaining medical treatment and a different job assignment that would be consistent with his medical restrictions. Because Rhett did not allege that Pierson or Casel actively participated in depriving him of medical treatment or adopted policies which caused the alleged constitutional violations, however, we hold that the district court did not abuse its discretion in

dismissing Rhett's claims against Pierson and Clark.  See

Thompkins v. Belt, 828 F.2d 298, 302-04 (5th Cir. 1987).

Next, Rhett argues that the medical treatment he received

from Dr. Swarts was constitutionally infirm.  Rhett did not,

however, show that the district court abused its discretion in

dismissing his claim against Dr. Swarts.  In view of the

substantial amount of medical treatment provided by Dr. Swarts,

any deficiency in this treatment amounts to mere negligence, and

not deliberate indifference.  See Varnado v. Lynaugh, 920 F.2d

320, 321 (5th Cir. 1991).

Rhett alleges that UTMB Manage Care improperly failed to

expedite an orthopedic consultation ordered by Dr. Swarts.  Rhett

has not shown, however, that the district court abused its

discretion in dismissing his claim.  Rhett was examined by an

orthopedic specialist within six weeks after the referral was

made; a six-week delay does not constitute deliberate

indifference to Rhett's serious medical need.  See Wilson v.

Seiter, 501 U.S. 294, 303 (1991).

Rhett has not shown that the district court abused its discretion in dismissing his claim that he was forced to perform duties that were inconsistent with his medical restrictions. Rhett did not file any grievances concerning this claim which would have put Scherry McKelvey on notice, and McKelvey was not directly involved in supervising Rhett's actual duties. Further, Rhett stated at the Spears hearing that when he did complain that his job assignment was inconsistent with the change in his medical restriction to sedentary work, he was transferred to a sedentary job assignment. See Jackson v. Cain, 864 F.2d 1235, 1246 (5th Cir. 1989) (negligent work assignment is not unconstitutional).

Rhett has, however, alleged an arguable Eighth Amendment claim concerning the 14-month delay in repairing or replacing his knee brace. Rhett complained that he reported his knee brace was broken in March 1995 and did not receive a new knee brace until

May 1996. Rhett did not dispute that Allen sent an E-mail message to the Brace and Limb Clinic on April 4, 1995, requesting the repair of the knee brace. However, despite Allen's request, Rhett did not receive a new knee brace until May 1996, 14 months after his initial request. During this period, Rhett allegedly was forced to continue working with a broken knee brace. According to Rhett, his knee progressively deteriorated during this period and he ultimately suffered a completely torn posterior ligament which required major reconstructive surgery. Delay in medical care can constitute an Eighth Amendment violation if there has been deliberate indifference which results in substantial harm. See Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). Rhett has arguably raised sufficient facts to state a claim that the 14-month delay in repairing or replacing his knee brace constituted deliberate indifference to his serious medical need and that the delay resulted in substantial further damage to his knee. See id. Because Rhett's claim concerning

the 14-month delay in receiving a new knee brace is not frivolous, the district court abused its discretion in dismissing his claim pursuant to § 1915(e)(2)(B)(I).  See Farmer v. Brennan, 511 U.S. 825, 839-40 (1994); Wilson, 501 U.S. at 303.  The district court's judgment is VACATED as to Rhett's claim concerning the 14-month delay in obtaining a new knee brace, and REMANDED for further proceedings.  The remainder of the judgment is AFFIRMED.

AFFIRMED IN PART, VACATED AND REMANDED IN PART.